# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL RINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0392-CVE-PJC |
| | ) |
| BURLINGTON NORTHERN SANTA FE | ) |
| RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are Defendant's Motion in Limine Regarding Plaintiff's Lost Wage Claim (Dkt. # 29), Burlington Northern Santa Fe Railway Company's General Motions in Limine and Brief in Support (Dkt. # 30) and Burlington Northern Santa Fe Railway Company's Motion in Limine and Brief in Support Regarding Medical Expenses (Dkt. # 32).

Defendant's motions seek to exclude various categories of evidence that it argues are irrelevant and/or unfairly prejudicial. Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006).

Defendant's Motion to Exclude Evidence Regarding Lost Wage Claim (Dkt. # 29)

Defendant seeks to exclude testimony regarding plaintiff's claim for lost wages while he was on furlough status. Defendant argues that because plaintiff was on furlough for the duration of his injury, he could not have accrued any lost wages from his injury and any evidence relating to alleged lost wages would be irrelevant and prejudicial. This Court recently addressed this argument in its opinion and order on defendant's motion for summary judgment. In that opinion and order, this Court held that there is evidence from which a jury could reasonably infer that plaintiff did incur lost wages due to his injury. Thus, evidence regarding plaintiff's claim for lost wages is highly relevant to plaintiff's overall damages claim. Defendant will be free to rebut that evidence at trial through cross-examination or by introduction of contrary evidence. Defendant's motion to exclude evidence of plaintiff's lost wage claim is denied.

Defendant's General Motions in Limine (Dkt. # 30)

Defendant seeks to exclude 28 general categories of evidence. For the most part, defendant does not seek to preclude introduction of specific evidence, but instead states objections to general hypothetical evidence that it believes plaintiff might introduce. Plaintiff has no objection to defendant's requests numbers 1-26 and 28. Dkt. # 38. Thus, requests numbers 1-26 and 28 are granted.

Request number 27 seeks to exclude any references to plaintiff's gross wage or gross wage losses. Defendant argues that the proper measure of plaintiff's lost wage damages, pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., is plaintiff's net wage loss. Thus, defendant argues that evidence regarding plaintiff's gross wages would confuse the jury. Plaintiff agrees that the proper measure of plaintiff's lost wage damages is his net wages. Dkt. # 38 at 1.

However, plaintiff argues that evidence regarding plaintiff's gross wages is necessary in order to show what his take-home pay would have been.

In order to give the jury a complete picture of plaintiff's income, both his gross pay and net pay may be relevant. However, the Court will instruct the jury regarding the law of damages recoverable under FELA, including the fact that only net wages, as opposed to gross wages, may be awarded. The Court believes that, when presented with evidence regarding damages, a jury will be able to comprehend the difference between gross pay and take-home pay. Defendant's request number 27 is denied.

<u>Defendant's Motion to Exclude Medical Expenses (Dkt. # 32)</u>

Defendant seeks to exclude evidence of plaintiff's gross medical expenses because plaintiff is entitled to recover only the amount he paid in co-pays. Plaintiff does not dispute that he is entitled to recover only the amount of medical bills that he actually paid. Dkt. # 35 at 1. However, plaintiff states that defendant "refused to pay" plaintiff's medical bills and, therefore, plaintiff can submit the entirety of his medical bills to the jury. <u>Id.</u> It is not clear from the motion and response precisely what expenses defendant seeks to preclude from introduction to the jury. Without knowledge of the precise evidence that plaintiff may seek to offer, the Court is unable to determine whether the evidence is admissible. Defendant's motion is denied without prejudice if a specific issue arises at trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine Regarding Plaintiff's Lost Wage Claim (Dkt. # 29) is **denied**, Burlington Northern Santa Fe Railway Company's General Motions in Limine and Brief in Support (Dkt. # 30) is **granted in part and denied in part,** and Burlington Northern Santa Fe Railway Company's Motion in Limine and Brief in Support

Regarding Medical Expenses (Dkt. # 32) is **denied**. Counsel are reminded, however, that all in limine rulings are preliminary until the trial is concluded.

**DATED** this 22nd day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE